(53 Misc. Rep. 383.)

### ROYLE v. DILLINGHAM.

(Supreme Court, Special Term, New York County. March, 1907.)

INJUNCTION—BREACH OF CONTRACT.

Where defendant undertook to produce a play written by plaintiff under an agreement that no changes should be made in the play or additions thereto without the consent of plaintiff, he will be enjoined from making unauthorized changes and modifications in the text.

Action by Edwin Milton Royle against Charles B. Dillingham. On motion to continue injunction. Granted.

Wilder, Ewen & Patterson, for plaintiff.
Hoadly, Lauterbach & Johnson, for defendant.

LEVENTRITT, J. In view of the conclusions I have reached, it becomes expedient to render a decision forthwith, so that the parties may, if possible, compound their differences. The papers have been so recently submitted and are so voluminous that I can do little more than state my conclusions both on the facts and the law.

The plaintiff protests against the production of his play, written

pursuant to contract for the defendant, on the ground of unauthorized changes and modifications in the text and structural arrangement thereof. The defendant apparently concedes that the changes are of a substantial character, but justifies his purposed production on the ground of waiver and consent. I have carefully read the lengthy file of letters that passed between the parties, as well as the various affidavits, and I fail to find the claimed waiver or consent. The defendant's averments are general and without sufficient particularity as to time and place to support the oral waiver. There is nothing in the correspondence, as I read it, that establishes either the proof or presumption of consent. There is a frankness and a spontaneity in the plaintiff's letters which, while showing a commendable willingness to adjust himself so far as possible to the demands of the principal actress in the proposed production, are clear in their explicit refusal to permit changes beyond a certain point. It seems that, in the beginning, the defendant sided with the plaintiff and recognized his right of censorship over all changes. Whether or not the radical changes are the result of caprice of vanity, or are a benefit to the play, is not open for discussion. The defendant, by his letter of December 19th, explicitly states that he has accepted the plaintiff's play. All subsequent changes are dependent on the will of the plaintiff, whether its exercise be arbitrary or otherwise.

Probably under the common law, and certainly under his contract, the plaintiff is within his rights in invoking equitable jurisdiction. Whether we have gone quite as far as other countries whose literary history is longer in the protection of literary property may be open to doubt; but there is, as there should be, a growing tendency to bestow on authors that full measure of protection which their unique property requires. Whether the work is great or trivial, original or adapted, the principle should be the same, so long as the work is the author's own. The court will not apply canons of literary taste, but leave that to the public. The tendency of our authorities is shown by such cases as Drummond v. Altemus (C. C.) 60 Fed. 338; Clemens v. Belford (C. C.) 14 Fed. 728; Harte v. De Witt, 1 Cent. Law J. 360. Under the contract made between the parties the plaintiff has not parted with his property, but has in effect merely given a license to produce it. He has retained the right to supervise the selection of actors and the general production. He has fortified himself against the specific invasion of his rights by an unequivocal clause in the contract which reads:

"(13). It is further mutually understood and agreed that no changes or alterations in the said play, or any additions thereto, shall be made without the consent of the party of the first part."

Whatever the plaintiff's common-law rights, this clause protects him. I find no consent to the proposed changes has been given, and that the plaintiff, not having been guilty of laches and being without adequate remedy at law in the protection of his name and reputation as an author, is entitled to a continuance of the injunction.